**OBJECTION DEADLINE: JANUARY 7, 2017 @ 5:00 P.M. (PREVAILING EASTERN TIME)**
**HEARING DATE AND TIME: JANUARY 12, 2017 @ 10:30 A.M. (PREVAILING EASTERN TIME)**

Randall S. D. Jacobs
Randall S. D. Jacobs, PLLC
30 Wall Street, 8th Floor
New York, New York 10005-3817
Tel: (212) 709-8116
Fax: (973) 226-3301
rsdjacobs@chapter11esq.com
*Attorney for Debtor*
*and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE:

                SALTY DOG REST., LTD.,

            Debtor in Possession.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 16-40679 (ESS)

Chapter 11

Judge Elizabeth S. Stong

**DEBTOR'S MOTION FOR AN ORDER APPROVING THE PROPOSED (I)
DISCLOSURE STATEMENT, (II) SOLICITATION PROCEDURES AND FORMS OF
SOLICITATION MATERIALS AND NOTICE OF NON-VOTING STATUS, AND (III)
NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN**

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

      Salty Dog Rest., Ltd., (the "**Debtor**"), as debtor in possession (the "**Debtor**") as and for

its Motion[1] for an order approving the: (i) proposed disclosure statement; (ii) solicitation

procedures and forms of solicitation materials and notices of non-voting status; and (iii) notice

---

     [1]     Capitalized terms in the Motion and not otherwise defined herein shall have the
meanings ascribed to them in the Plan or the Disclosure Statement, as appropriate.

00036697.3

and objection procedures for confirmation of the Plan. In support of the Motion, the Debtor respectfully represents as follows:

## I. Jurisdiction and Venue

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are sections 105, 502, 1125, and 1128 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the **"Bankruptcy Code"**); Rules 3017, 3018, 3020, 9013, 9014, and 9021 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**); and Rules 2002-1, 3017-1, 3018-1, 3020-1, 9013-1, and 9021-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "**Local Rules**").

## II. Background

3. Beginning on February 24, 2016 (the "**Filing Date**") and continuing thereafter, the Debtor commenced a voluntary case under chapter 11 of title 11 of the United States Code. The Debtor continues to operate its business and manage its property as Debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner has been appointed in this case.[2]

4. No Official Committee of Unsecured Creditors was appointed in this case.

---

[2] Information regarding the Debtor's business, capital structure, and the circumstances leading to this chapter 11 case is contained in the Debtor's Disclosure Statement for the Amended Plan of Reorganization.

**The Amended Plan of Reorganization and Disclosure Statement**

5.      Shortly before this Motion was filed, the Debtor filed a Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated November 17, , 2016 (the "**Plan**") and its Disclosure Statement for the Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code on November 17, , 2016 (as it may be amended, the "**Disclosure Statement**").

6.      The Debtor also filed and commenced service of a Notice of Disclosure Statement Hearing (the "**Disclosure Statement Hearing Notice**"), a copy of which is attached as **Exhibit A** hereto, on all parties appearing herein requesting service and all known Creditors and Equity Security Holders of the Debtor listed in its Petition.

**Relief Requested**

7.      By this Motion, the Debtor requests entry of an order, in substantially the form attached as **Exhibit B** hereto (the "**Disclosure Statement Order**"), approving the (i) Disclosure Statement; (ii) solicitation procedures and forms of solicitation materials and notices of non-voting status; and (iii) notice and objection procedures for confirmation of the Plan, pursuant to sections 105, 502, 1125, and 1128 of the Bankruptcy Code, Bankruptcy Rules 3017, 3020, 9013, 9014, and 9021, and Local Rules 2002-1, 3017-1, 3018-1, 3020-1, 9013-1, and 9021-1.

**A.      The Disclosure Statement Contains Adequate Information and Should be Approved**

8.       Under section 1125 of the Bankruptcy Code, a plan proponent must provide holders of impaired claims with "adequate information" regarding a debtor's proposed plan of reorganization, which is defined as:

[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such hypothetical investor of the relevant class to make an informed judgment about the plan....11 U.S.C. § 1125(a)(1).

9.       Whether a disclosure statement contains adequate information is intended by

Congress to be a flexible, fact-specific inquiry left within the discretion of the bankruptcy courts:

> Precisely what constitutes adequate information in any particular instance will develop on a case-by-base basis. Courts will take a practical approach as to what is necessary under the circumstances of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation, and, of course, the need for investor protection. There will be a balancing of interests in each case. In reorganization cases, there is frequently great uncertainty. Therefore the need for flexibility is greatest.

10.     H.R. Rep. 95-595, at 409 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6365. See

also Abel v. Shugrue (In re Ionosphere Clubs, Inc.), 179 B.R. 24, 29 (S.D.N.Y. 1995) (noting that

"the approval of a disclosure statement . . . involves a fact-specific inquiry into the particular plan

to determine whether it possesses 'adequate information' under § 1125"); Kirk v. Texaco, Inc.,

82 B.R. 678, 682 (S.D.N.Y. 1988) (observing that "[t]he legislative history could hardly be more

clear in granting broad discretion to bankruptcy judges under § 1125(a)"); In re Texas Extrusion,

844 F.2d 1142, 1157 (5th Cir. 1988) (opining that what is adequate information is subjective,

made on a case-by-case basis, and largely in the discretion of the bankruptcy court); In re Copy

Crafters Quickprint, Inc., 92 B.R. 973, 989 (Bankr. N.D.N.Y. 1988) (holding that adequate

information should be "determined on a case-specific basis under a flexible standard that can

promote the policy of Chapter 11 toward fair settlement through a negotiation process between informed interested parties").

11.    In light of this flexible standard, courts have considered whether the disclosure statement contains, if applicable, the following types of information:

i.    the circumstances that gave rise to the filing of the bankruptcy petition;

ii.    an explanation of the available assets and their value;

iii.    the anticipated future of the debtor;

iv.    the source of the information provided in the disclosure statement;

v.    a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

vi.    the condition and performance of the debtor while in chapter 11;

vii.    information regarding claims against the estate;

viii.    a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

ix.    the accounting and valuation methods used to produce the financial information in the disclosure statement;

x.    information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;

xi.    a summary of the plan of reorganization or liquidation;

xii.    an estimate of all administrative expenses, including attorneys' fees and

accountants' fees;

xiii.    the collectibility of any accounts receivable;

xiv.    any financial information, valuations, or *pro forma* projections that would

be relevant to creditors' determinations of whether the accept or reject the

plan;

xv.    information relevant to the risks being taken by the creditors and interest

holders;

xvi.    the actual or projected value that can be obtained from avoidable transfers;

xvii.    the existence, likelihood and possible success of non-bankruptcy litigation;

xviii.    the tax consequences of the plan; and

xix.    the relationship of the debtor with its affiliates.

12.    *See, e.g., In re Phoenix Petroleum*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001); *In re Dakota Rail, Inc.*, 104 B.R. 138, 142-43 (Bankr. D. Minn. 1989); *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988). This list is not meant to be comprehensive, nor is all of the information on the list required in every case. Id.

13.    The Disclosure Statement contains information with respect to the applicable subject matter set forth above (parentheticals refer to Sections of the proposed Disclosure Statement) including, but not limited to:

i.    an overview of the Plan **(Secs. I, D and III.)**

ii.    the operation of the Debtor's business **(Sec. II.)**

iii.    key events leading to the commencement of the Debtor's chapter 11 case **(Sec. II C.)**

iv.    the indebtedness of the Debtor **(Sec. II B, Exhibit III.).**

v.    significant events that occurred during the chapter 11 case **(Sec. II C.)**

vi.    Proposed capital structure of the reorganized Debtor **(Sec. III.)**

vii.    liquidation analysis **(Exhibit 5.)**

viii.    the future operations of the Debtor **(Exhibits 6 and 7.)**

ix.    summary of legal proceedings **(Sec. II C 2.)**

x.    risk factors affecting the Plan **(Sec. V.)**

xi.    confirmation of the Plan **(Secs. V and VI.)**

xii.    tax consequences of the Plan **(Sec. VII.)**

14.    Based on the foregoing, the Debtor respectfully requests that the Court approve the Disclosure Statement as meeting the requirements for adequate information under section 1125 of the Bankruptcy Code.

**B.    The Solicitation Procedures and Forms of Solicitation Materials and Notices of Non-Voting Status Should Be Approved**

15.    The Debtor requests that the Court approve the solicitation procedures, in substantially the form attached as **Exhibit 1 to the Disclosure Statement Order** and incorporated herein by reference (the "**Solicitation Procedures**"), and the forms of solicitation materials and notices of non-voting status, to facilitate an effective and orderly solicitation of votes on the Plan in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules and due process. The Solicitation Procedures are described in detail below:

### a.    Forms of Solicitation Materials and Notices of Non-Voting Status and Procedures for Distribution of Such Materials

### i.    Solicitation Packages

16.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to Holders of Claims and Equity Interests, as applicable, for the purpose of soliciting votes and providing adequate notice of the hearing on confirmation of a chapter 11 plan. Bankruptcy Rule 3017(d) provides, in pertinent part, that:

> Upon approval of a disclosure statement – except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders – the debtor in possession, trustee, proponent of the plan, or clerk as the court orders, shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1)    the plan or a court-approved summary of the plan;
>
> (2)    the disclosure statement approved by the court;
>
> (3)    notice of the time within which acceptances and rejections of such plan may be filed; and
>
> (4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

17.    In accordance the Bankruptcy Rule 3017(d), the Debtor proposes to include the following materials in the solicitation packages (the "**Solicitation Packages**"):

      i.        The Confirmation Hearing Notice (as defined herein);

      ii.       As appropriate, Ballot(s) together with a pre-addressed, postage pre-paid return envelope;

      iii.      The Disclosure Statement (together with the Plan);

      iv.      The Disclosure Statement Order (without exhibits except for the Solicitation Procedures); and

      v.        Any supplemental or amended solicitation materials which the Debtor may file with the Court or the Court orders to be made available.

18.     After approval of the Disclosure Statement Order, the Debtor proposes to mail (or cause to be mailed) Solicitation Package to Holders of Claims entitled to vote on the Plan, which are Holders of Claims in Class 4 which:

      i.        hold Claims deemed Allowed in accordance with the Plan;

      ii.       filed proofs of Claim on or before the applicable Bar Date (or an untimely proof of Claim allowed as timely by the Bankruptcy Court on or before the Voting Record Date), as reflected on the official claims register as of the close of business on the Voting Record Date, that have not been paid, expunged, disallowed, disqualified, or suspended prior to the Voting Record Date;

      iii.      are listed in the Debtor's Schedules as holding non-contingent, liquidated, undisputed Claims in an amount greater than zero, that have not been paid expunged, disallowed, disqualified, or suspended prior to the Voting Record Date; and/or

iv. hold Claims that have been temporarily allowed to vote pursuant to an order of the Court[3] (collectively, the "**Voting Holders**").

19. In addition, the Debtor proposes to mail (or cause to be mailed) the Solicitation Package, without any Ballot(s) or return envelopes, to: (i) the Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400 New York, NY 10281-1022 (newyork@sec.gov) (ii) the Office of the United States Trustee for the Eastern District of New York, U. S Courthouse, Attn: Rachel Weinberger, Esq., 201 Varick Street, Suite 1006, New York NY 10014; (iii) Office the Assistant Attorney General, Department of Taxation and Finance, 120 Broadway, 24th Floor, New York, NY 10271, attn: Paulina Stamatelos, Esq. or at paulina.stamatelos@ag.ny.gov, and to those other persons parties otherwise having filed notices of appearances requesting notice.

20. To avoid duplication and reduce expenses, the Debtor proposes that, to the extent that any creditor entitled to vote in a given Class has filed duplicate Claims (meaning that the Claims are in the same amount, with the same classification and asserting the same basis of Claims), such creditor shall be provided with only one Solicitation Package and one Ballot, which shall reflect the vote of only one such Claim.

**ii. <u>Ballots</u>**

21. Bankruptcy Rules 3017(d) requires the Debtor to mail a form of ballot that substantially conforms to Official Form No. 14 only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d).

---

[3] As of this date, no such Orders have been issued by the Court.

22.     The Debtor proposes to distribute one or more ballots (the "Ballots") in substantially the two forms collectively attached as **Exhibit 2 to the Proposed Disclosure Statement Order** and incorporated herein by reference, to the appropriate Holders and record holders in Class 4 which are listed as follows:

| Class | Description | Number |
|-------|-------------|--------|
| 4(b) | General Unsecured Trade Creditors | 25 |
| 4(c) | Contingent, Unliquidated, Disputed and Unsecured Claims | 17 |

23.     These Ballot forms are based on Official Form No. 14, but have been modified, as appropriate, to address particular aspects of this chapter 11 case and include certain additional information that the Debtor believes is relevant for each Class of Claims entitled to vote.

### iii.     Notices of Non-Voting Status to Holders of Claims and Equity Interests Not Entitled to Vote on the Plan

24.     Under section 1126(g) of the Bankruptcy Code, a class is deemed to reject "a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests." 11 U.S.C. § 1126(g). Therefore, to further reduce expenses, the Debtor proposes to mail only a notice of non-voting status (the "**Notice of Non-Voting Status**")[4], in substantially the form attached as **Exhibit 3 to the Disclosure Statement Order** and incorporated herein by reference, and a Confirmation Hearing Notice to Holders of Unclassified Priority Tax and Wage Claims, if any, and Equity Interest Holders in Class 5.

---

[4] As used herein, "Non-Voting Holders" shall mean, collectively, the Holders of Equity Interests in Class 5 and "Notices of Non-Voting Status" shall mean, collectively, the Notice of Non-Voting Status.

25.    The Debtor requests authority not to distribute copies of any materials in the Solicitation Package (other than the Confirmation Hearing Notice) to any Non-Voting Holder, unless such Holder makes an inquiry to the Debtor's Counsel in accordance with the instructions in the Confirmation Hearing Notice. The Confirmation Hearing Notice will instruct Non-Voting Holders that they may obtain copies of the Plan, Disclosure Statement, Disclosure Statement Order, and other materials in the Solicitation Package (excluding a Ballot) by contacting the Debtor's Counsel.

26.    The Debtor expects that distribution of the Solicitation Packages, Notices of Non-Voting Status, Confirmation Hearing Notices, and any other mailings described above will be completed no later than **five (5) Business Days after the entry of the Disclosure Statement Order (the "Solicitation Date"),** *i.e.*, **on or about JANUARY ▮, 2017** (assuming the Order is entered on the same date.)

27.    Some of the Disclosure Statement Hearing Notices sent to Holders of Claims and Equity Interests may be returned as undeliverable by the United States Postal Service or other carrier as have previous mailings to such Holders. The Debtor believe that it would be costly and wasteful to mail further materials to the same addresses to which undeliverable Disclosure Statement Hearing Notices were mailed (the "**Undeliverable Addresses**"). Accordingly, the Debtor request authority to depart from the strict notice rules, excusing them from mailing Solicitation Packages, Notices of Non-Voting Status, or Confirmation Hearing Notices to Holders at Undeliverable Addresses unless the Debtor is provided with or otherwise locates accurate addresses for such Holders prior to the Solicitation Date.

28. The Debtor submit that the proposed Solicitation Packages (including Ballots), Notices of Non-Voting Status, and distribution procedures set forth above are fair and reasonable, satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules, are designed to provide Holders of Claims and Equity Interests with adequate notice, and, therefore, should be approved.

### C.    Establishing Voting Record Date

29. Bankruptcy Rule 3018(a) provides that:

> an equity security holder or creditor whose claim is based on a security of record shall not be entitled to accept or reject a plan unless the equity security holder or creditor is the holder of record of the security <u>on the date the order approving the disclosure</u> statement is <u>entered</u> or on another date fixed by the court, for cause, after notice and a hearing. (Emphasis added)

30. Fed. R. Bankr. Pr. 3018(a) (emphasis added). Bankruptcy Rule 3017(d) includes a similar provision regarding the record date for purposes of mailing the plan, disclosure statement, notice of the voting deadline, and any other information required by the court.

31. As set forth in Bankruptcy Rule 3017(d) and 3018(a), the default voting record date is **the date on which the bankruptcy court enters an order approving a disclosure statement** (again, assuming the Order is entered on **JANUARY   , 2017**. Accordingly, the Debtor request that this Court establish the date of entry of the Disclosure Statement Order as the record date for purposes of determining which creditors are entitled to vote on the Plan and for mailing the applicable materials (the "**Voting Record Date**").

### D.    Establishing Voting Deadline For Receipt of Ballots

32. Bankruptcy Rule 3017(c) provides that the court shall fix a time within which the holders of Claims or Equity Interests may accept or reject a plan.

33.     The Debtor anticipates that the solicitation period (the "**Solicitation Period**") will commence five (5) Business Days after the Voting Record Date, or **January    , 2017.**

34.     Accordingly, to be counted as a vote to accept or reject the Plan, the Debtor proposes that each Ballot must be properly executed, completed, and delivered to the Debtor's Counsel by (a) first-class mail, (b) overnight courier, or (c) personal delivery so that it is actually received by Debtor's Counsel no later than **5:00 p.m. (Prevailing Eastern Time) on FEBRUARY __, 2017 (the "Voting Deadline")**, at the addresses specified in the Solicitation Procedures. The Debtor requests authority to extend the Voting Deadline without further order of the Court to a date no later than two (2) business days before the Confirmation Hearing; provided, however, that notice of such extension shall be provided to the Voting Holders.

35.     The Debtor submits that the Solicitation Period allows sufficient time for creditors to make an informed decision regarding whether to accept or reject the Plan and deliver timely Ballots to the Debtor's Counsel.

### E.     Approval of Rules and Procedures for Vote Tabulation

36.     Section 1126(c) of the Bankruptcy Code governs the voting requirements for the acceptance or rejection of a plan of reorganization by a class of impaired claims, and provides in relevant part that:

> [a] class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan. 11 U.S.C. § 1126(c).

37.     Further, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

38.     Accordingly, in the event one or more Claimants should seek such relief, its Claim or Interest may be temporarily allowed by the Court for the purpose of determining whether or not the Plan is accepted or rejected.

### i.     Tabulation Rules

39.     Solely for purposes of voting to accept or reject the Plan, and not for the purpose of allowance of, or distribution on account of, any Claim, and without prejudice to the rights of the Debtor or any other party in interest in any other context, the Debtor proposes that each Claim within a class of Claims entitled to vote to accept or reject the Plan be temporarily allowed in accordance with the following rules (the "**Tabulation Rules**"):

i.      If a Claim is deemed Allowed in accordance with the Plan, such Claim shall be allowed for voting purposes in the Allowed amount set forth in the Plan.

ii.     If a Claim is listed in the Debtor's Schedules as non-contingent, liquidated, and undisputed in an amount greater than zero, such Claim will be allowed for voting purposes in the scheduled amount, except to the extent that such Claim has been paid, expunged, disallowed, disqualified, or suspended prior to the Voting Record Date.

iii.    If a Claim is listed in the Debtor's Schedules as contingent, or unliquidated, or disputed, and no proof of Claim was (i) filed on or before

the applicable Bar Date or (ii) allowed as timely by the Bankruptcy Court on or before the Voting Record Date, such Claim shall be disallowed for voting purposes, pursuant to Bankruptcy Rule 3003(c), unless the Debtor consents in writing.

iv.    If a proof of Claim has been filed on or before the applicable Bar Date (or allowed as timely by the Bankruptcy Court on or before the Voting Record Date) in an amount that is liquidated, non-contingent, and undisputed, such Claim shall be temporarily allowed for voting purposes in the amount set forth on the proof of Claim, except to the extent that such Claim has been paid, expunged, disallowed, disqualified, or suspended prior to the Voting Record Date.

v.    If a proof of Claim has been filed on or before the applicable Bar Date (or an untimely proof of Claim allowed as timely by the Bankruptcy Court on or before the Voting Record Date) in wholly unliquidated amounts, such Claim shall be accorded one vote and temporarily allowed for voting purposes in an amount equal to one dollar ($1.00), except to the extent that such Claim has been paid, expunged, disallowed, disqualified, or suspended prior to the Voting Record Date.

vi.    If a proof of Claim has been filed on or before the applicable Bar Date (or an untimely proof of Claim allowed as timely by the Bankruptcy Court on or before the Voting Record Date) in partially liquidated and partially unliquidated amounts, such Claim shall be temporarily allowed for voting

purposes in the liquidated amount, except to the extent that such Claim has been paid, expunged, disallowed, disqualified, or suspended prior to the Voting Record Date.

vii.   If a Claim is estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court, such Claim shall be temporarily allowed for voting purposes in the amount so estimated or allowed by such order.

viii.   If a Holder identifies a Claim amount on its Ballot that is different than the amount otherwise calculated in accordance with the Tabulation Rules, such Claim shall be temporarily allowed for voting purposes in the amount calculated in accordance with the Tabulation Rules.

ix.   If a proof of Claim is filed as a protective Claim for rejection damages related to an Executory Contract and/or Unexpired Lease that the Debtor has not rejected as of the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes, and to the extent that such Claim is solely for rejection damages, any related Ballot shall not be counted as having voted for or against the Plan.

40.   Notwithstanding any other Tabulation Rule, if the Debtor has served and filed an objection to a Claim at least ten (10) calendar days prior to the Voting Deadline, such Claim shall, subject to the Holder's right to file a 3018 Motion (as defined below), be temporarily allowed for voting purposes only in an amount equal to the greater of (a) the undisputed amount of such Claim, if any, as set forth in such objection, or (b) one dollar ($1.00).

ii.    **3018 Motion Procedures**

41.    For any creditor that seeks to challenge the allowance of its claim for voting

purposes, the Debtor propose the following procedures (the "**3018 Motion Procedures**"):

i.    If any claimant seeks to challenge the allowance of its Claim for voting

purposes, such claimant must file with the Bankruptcy Court a motion for

an order pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"),

temporarily allowing such Claim in a different amount for purposes of

voting to accept or reject the Plan (i) on or before **FEBRUARY__, 2017**

(ii) if the Debtor files an objection to a Claim after the Confirmation

Hearing Notice served, on or before ten (10) calendar days after service of

notice of such objection (either (i) or (ii), (the "**3018 Motion Deadline**").

ii.    The 3018 Motion must be served so as to be **actually received** no later

than **5:00 p.m. (Prevailing Eastern Time) on the 3018 Motion Deadline**

by the following parties: (i) Randall S. D. Jacobs, PLLC, counsel to the

Debtor, 30 Wall Street, 8th Floor, New York, NY 10005, attn: Randall S.

D. Jacobs, Esq. or at rsdjacobs@chapter11esq.com; (ii) the Office of the

U. S. Trustee for the Eastern District of New York, Attn: Rachael

Weinberg, Esq., 201 Varick Street, Suite 1006, New York NY 10014 ; (iii)

Office the Assistant Attorney General, Department of Taxation and

Finance, 120 Broadway, 24th Floor, New York, NY 10271, attn: Paulina

Stamatelos, Esq. or at paulina.stamatelos@ag.ny.gov; (iv) James M.

Poochia, Esq., counsel to Creditor Ralph Perez, 114 Sequine Avenue,

Staten Island, New York, NY 10309; and (ix) the Securities and Exchange

Commission, New York Regional Office, 3 World Financial Center, Suite

400 New York, NY 10281-1022 (newyork@sec.gov) and to those parties

otherwise having filed notices of appearances requesting notice.

42.    The Ballot of any claimant filing a 3018 Motion shall not be counted in an amount

other than that provided by the Tabulation Rules unless temporarily allowed by the Bankruptcy

Court in another amount for voting purposes.

<div align="center">

iii.    **Tabulation Procedures**

</div>

43.    The Debtor propose that the following procedures and standard assumptions (the

"**Tabulation Procedures**") be used in tabulating the Ballots (**General Voting Procedures**):

    i.    Except as otherwise provided herein, unless the Ballot is timely submitted

on or prior to the Voting Deadline, the Debtor shall reject such Ballot as

invalid and decline to count such Ballot in connection with confirmation

of the Plan.

    ii.    Delivery will be deemed made only when **the original executed Ballot is**

**actually received by the Debtor's Counsel**. The method of delivery of

the Ballots is at the election and risk of each Holder of a Claim or, (if

applicable), its Nominee. **Delivery of a Ballot by facsimile, email, or**

**other electronic means will not be valid and such Ballot will not be**

**counted.**

    iii.    No Ballot should be sent to the Debtor, its agents (other than the Debtor's

Counsel), or its financial advisor, and if so sent will not be counted unless

subsequently received by the Debtor's Counsel prior to the Voting

Deadline.

iv.    The Debtor's Counsel shall date and time-stamp all Ballots when received

and retain the original executed Ballots and an electronic copy of the same

for a period of one (1) year after the Effective Date of the Plan.

v.    **No later than five (5) days before the Confirmation Hearing, *i.e.*, on**

**FEBRUARY    , 2017 the Debtor's Counsel will file a Voting Report**

**with the Bankruptcy Court**, which will detail (i) the tabulation of Ballots

cast for or against the Plan, and (ii) any defective, irregular, or otherwise

invalid Ballots that were waived by the Debtor or were not waived and

therefore not counted by the Debtor.

vi.    If multiple Ballots are received from, or on behalf of, a Holder of a Claim

with respect to the same Claim prior to the Voting Deadline, the last Ballot

timely received will supersede and revoke any prior Ballot with respect to

such Claims.

vii.    Holders must vote all of their Claims within a particular Plan class either

to accept or reject the Plan and may not split their vote. Each Holder that

votes to accept or reject the Plan is deemed to have voted the full amounts

of its Claim therefor. A Ballot that partially rejects and partially accepts

the Plan will not be counted.

viii.    If a Ballot is signed by trustees, executors, administrators, guardians,

attorneys-in-fact, officers of corporations, or others acting in a fiduciary or

representative capacity on behalf of the beneficial Holder of a Claim, such persons should indicate such capacity when signing and, if required or requested by the Debtor's Counsel, the Debtor, or Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such beneficial Holder.

ix.    Unless waived by the Debtor or otherwise ordered by the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

x.     Subject to order of the Bankruptcy Court, the Debtor may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; provided, however, that any such waivers will be documented in the Voting Report.

xi.    Subject to order of the Bankruptcy Court, the Debtor reserves the absolute right to reject any and all Ballots, the acceptance of which, in the opinion of the Debtor, would not be in accordance with the provisions of this Order, the Bankruptcy Rules, or the Bankruptcy Code; provided, however, that any such rejections will be documented in the Voting Report.

xii.   None of the Debtor or any other person or entity, shall be under any duty to provide notification of defects or irregularities with respect to delivered Ballots (other than in the Voting Report), and none of them shall incur any liability for failure to provide such notification.

       xiii.    Subject to order of the Bankruptcy Court, the following Ballots shall not be counted: any Ballot that:

       a.    is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

       b.    is cast by a person or entity that does not hold a Claim in a Class entitled to vote on the Plan;

       c.    is cast for a claim scheduled as unliquidated, contingent, or disputed for which no proof of claim was timely filed;

       d.    does not bear an original signature;

       e.    does not indicate an acceptance or rejection of the Plan; or

       f.    indicates both an acceptance and rejection of the Plan.

44.    The Debtor submit that the foregoing Tabulation Rules, 3018 Motion Procedures, and Tabulation Procedures provide for a fair and equitable voting process in light of the circumstances involved.

## II.    The Notice and Objection Procedures for Confirmation of the Plan Should be Approved.

45.    Bankruptcy Rules 3017(c) and 3020(b) provide that the court "may fix a date for the hearing on confirmation" and that objections to confirmation of a plan must be filed and served "within a time fixed by the court." In addition, Bankruptcy Rule 2002(b) requires not less than twenty-eight (28) days' notice to all creditors of the time fixed for filing objections to, and the hearing to consider, confirmation of a chapter 11 plan.

46.    In accordance with Bankruptcy Rules, the Debtor request a hearing on confirmation of the Plan (the "**Confirmation Hearing**") to be scheduled for a date on

**FEBRUARY    , 2017 at    :00 p.m. Prevailing Eastern Time,** or at least twenty-eight (28) days

after the Solicitation Date **(the "Confirmation Hearing Date")**, and that the Confirmation

Hearing may be adjourned from time to time without further notice except for an announcement

of the adjourned date made in open Court or as indicated in a notice of agenda filed with the

Court.The proposed date complies with the Bankruptcy Rules and will enable the Debtor to

pursue confirmation of the Plan in a timely fashion.

47.     In addition, the Debtor request that the Court approve the following objection

procedures (the "**Objection Procedures**"), which shall be set forth in the Confirmation Hearing

Notice (as defined below) and establish **FEBRUARY __, 2017** at 5:00 p.m. (Prevailing

**Eastern Time)** as the objection service and filing deadline **(the "Objection Deadline").**

> Any responses or objections to the confirmation of the Plan shall be made in writing, the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Eastern District of New York, shall set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at http://www.nyeb.uscourts.gov) by registered users of the Bankruptcy Court's case filing systems and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to the Chambers of Judge Stong, Courtroom 3579, 271C Cadman Plaza East, Brooklyn, New York 11201 so as to be filed and received by no later than **at 5:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**") by (i) Randall S. D. Jacobs, PLLC, counsel to the Debtor, 30 Wall Street, 8th Floor, New York, NY 10005, attn: Randall S. D. Jacobs, Esq. or at rsdjacobs@chapter11esq.com; (ii) the Office of the U. S. Trustee for the Eastern District of New York, Attn: Rachael Weinberg, Esq., 201 Varick Street, Suite 1006, New York NY 10014 Rachel.Weinberger@usdoj.gov; (iii) Office the Assistant Attorney General, Department of Taxation and Finance, 120 Broadway, 24th Floor, New York, NY 10271, attn: Paulina Stamatelos, Esq. or at paulina.stamatelos@ag.ny.gov; (iv) James M. Poochia, Esq., counsel to Creditor Ralph Perez, 114 Sequine Avenue, Staten Island, New York, NY 10309; and (ix) the Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400 New York, NY 10281-1022 (newyork@sec.gov) and to those parties otherwise having filed notices of appearances requesting notice.

48.    In the event that multiple objections or responses to confirmation of the Plan are filed and received, the Debtor requests that along with any other party in interest, it be authorized to file a single, consolidated reply by **5:00 p.m. (Prevailing Eastern Time) on the date that is one (1) business day prior to the Confirmation Hearing Date,** *i.e.*, **FEBRUARY ___ , 2017.**

49.    To provide appropriate notice, the Debtor proposes to mail (or cause to be mailed) to all Holders of Claims a notice of the Confirmation Hearing, in substantially the form attached as **Exhibit 4 to the Disclosure Statement Order** and incorporated herein by reference (the "**Confirmation Hearing Notice**"), setting forth, among other things, the (a) Voting Deadline, (b) Objection Deadline and Objection Procedures, and (c) time, date, and place for the Confirmation Hearing.

50.    Although Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice," in this case where there are less than 100 Creditors and Interest Holders, the Debtor propose that publication is unnecessary and unduly expensive for the Debtor in this small case.

51.    The Debtor submits that the proposed timing and notice and objection procedures will afford the Court, the Debtor, and other parties in interest with sufficient time to consider any objections to the Plan prior to the Confirmation Hearing and possibly expedite the Confirmation Hearing by resolving certain objections prior to the Confirmation Hearing. Accordingly, the Debtor requests that the Court approve the foregoing procedures and deem such notice to be adequate.

52.    The Debtor further requests authority to make non-substantive changes to the Proposed Disclosure Statement, Plan, Ballots, Confirmation Hearing Notice, and related

documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes[5] among such documents prior to their distribution.

53.    Courts in this district have routinely granted relief similar to that requested here. *See, e.g., In re Quebecor World (USA) Inc*., Case No.08-10152 (JMP) (Bankr. S.D.N.Y. May 18, 2009) [Docket No. 1666]; *In re Wellman, Inc*., Case No. 08-10595 (SMB) (Bankr. S.D.N.Y. Nov. 12, 2008) [Docket No. 643]; *In re Ziff Davis Media, Inc*., Case No. 08-10768 (BRL) (Bankr. S.D.N.Y. May 7, 2008) [Docket No. 200]; *In re Granite Broadcasting Corp*., Case No. 06-12984 (ALG) (Bankr. S.D.N.Y. Mar. 2, 2007) [Docket No. 208]; *In re Musicland Holding Corp.*, Case No. 06-10064 (SMB) (Bankr. S.D.N.Y. Oct. 13, 2006) [Docket No. 1221]; *In re Silicon Graphics, Inc.*, Case No. 06-10977 (BRL) (Bankr. S.D.N.Y. July 27, 2006) [Docket No. 416].

## III.    Notice

54.    Bankruptcy Rule 3017(a) provides that the Plan and the Disclosure Statement shall be mailed with the notice of the hearing to the Debtor, the Trustee (if any), each committee (if any), the Securities and Exchange Commission, the United States Trustee, and any party in interest who requests in writing a copy of the Disclosure Statement or Plan. Accordingly, the Debtor mailed the Plan, Proposed Disclosure Statement, and Motion upon: (i) the Office of the U. S. Trustee for the Eastern District of New York, Attn: Rachael Weinberg, Esq., 201 Varick Street, Suite 1006, New York NY 10014 or at Rachel.Weinberger@usdoj.gov; (ii) Office the

---

[5] Although the proposed orders and notices attached hereto appear double spaced, to reduce postage and other costs, the Debtor propose to serve the documents and the Plan and Disclosure Statement single spaced and duplex printed (on both sides of the page).

Assistant Attorney General, Department of Taxation and Finance, 120 Broadway, 24th Floor,

New York, NY 10271, attn: Paulina Stamatelos, Esq. or at paulina.stamatelos@ag.ny.gov; (iii)

James M. Poochia, Esq., counsel to Creditor Ralph Perez, 114 Sequine Avenue, Staten Island,

New York, NY 10309; and (iv) the Securities and Exchange Commission, New York Regional

Office, 3 World Financial Center, Suite 400 New York, NY 10281-1022 (newyork@sec.gov) and

to those parties otherwise having filed notices of appearances requesting notice. In addition, the

Debtor mailed copies of the Disclosure Statement Hearing Notice to all other all known Creditors

listed on the Petition and parties in interest. In light of the nature of the relief requested, the

Debtor respectfully submit that no further notice is necessary.

## IV.    Prior Request

55.      No prior request to approve a Disclosure Statement was made herein.

**WHEREFORE**, the Debtor respectfully requests entry of an order, substantially in the

form attached as **Exhibit B** hereto: (i) approving the (a) Proposed Disclosure Statement; (b)

Solicitation Procedures and forms of solicitation materials and notices of non-voting status; and

(c) notice and objection procedures for confirmation of the Plan; and (ii) granting such other

and further relief as the Court may deem just and proper.

Dated: New York, New York
          November 18, 2016

RANDALL S. D. JACOBS, PLLC


By: /s/ *Randall S. D. Jacobs*
    Randall S. D. Jacobs
    *Office and Post Office Address*
    110 Wall Street, 11th Floor
    New York, New York 10005
    Tel.: (212) 709-8116
    Fax: (973) 226-8897
    rsdjacobs@chapter11esq.com
    *Attorney for the Debtor*
        *Salty Dog Rest., Ltd.*

To:

Office of the U. S. Trustee, Edny
Attn: Rachael Weinberg, Esq.
201 Varick Street, Suite 1006
New York NY 10014

Ralph Perez
c/o James M. Poochia, Esq.
114 Sequine Avenue
Staten Island, New York, N Y 10309

Securities and Exchange Commission
New York Regional Office
3 World Financial Center, Suite 400
New York, NY 10281-1022

Ace Beverage
1204 Avenue U
Brooklyn, NY 11229

Appraisal Concepts, Inc.
7617 3rd Avenue
Brooklyn, NY 11209

ASCAP - New York
1900 Broadway
New York, NY 10023

Barakakos Provisions, Inc
22 82nd Street
Brooklyn, NY 11209

Big Apple Air
281 Regis Street
Staten Island, NY 10314

Big Apple Plumbing
365 Van Brunt Street
Brooklyn, NY 11231

Carey Dobosh CPA, PLLC
500 Old Country Road, Suite 300
Garden City, NY 11530

Con Edison
JAF Station, Po Box 1702
New York, NY 10116-1702

Da Luigi Realty Corp.
2911west 15th Street
Brooklyn, NY 11224

Darrow Everett, LLP
11 Pleasant Street, 4 Fl
Worcester, Ma 01609

Direct Tv
Po Box 60036
Los Angeles,CA 90060-0036

Gaetano Cecere
C/o Zaremba, Brownell & Brown
40 Wall Street, 27th Flr.
New York, NY 10005

George Kabbez
71 76th Street
Brooklyn, NY 11209

IRL Systems, Inc.
132 Battery Avenue
Brooklyn, NY 11209

Jad Skaf
c/o Bernstone and Grieco,
295 Madison Avenue, 25th Floor
New York, NY 10017

00036697.3

Joshua Corujo
c/o Steven A. Rubin & Assoc.
71 W. 23rd Street, Suite 1623
New York, NY 10010

Lomangino Bros, Inc.
1321 61st Street
Brooklyn, NY 11219

Mercury Payment Systems
150 Mercury Village Drive
Durango, CO 81301

National Grid
1535 Pitkin Avenue
Brooklyn, NY

New York State Sla
317 Lenox Avenue
New York, NY 10027

NYS Dept Sales Tax
Bankruptcy Section, PO Box 5300
Albany, NY 12205-0300

Ozane Pest Management
2218 79th Street
Brooklyn, NY 11214

Ranchers Best Whsle Meats
2217 Richmond Terrace
Staten Island, NY 10302

Richard Nelson
c/o Chopra & Nocerino
85 Willis Avenue, Ste. E
Mineola, NY 11501

Samir Selmani et Al.
c/o Antin, Ehrlich & Epstein
49 W 37th Street, 7th Fl.
New York, NY 10018

Tops Bar & Restaurant
8001 3rd Avenue
Brooklyn, NY 11209

US Foods
1051 Amboy Avenue
Perth Amboy, NJ 08861

Valpak of SI & Bklyn
4553 Arthur Kill Road
Staten Island, NY 10309

Verizon
Po Box 408
Newark, NJ 07101-0408

Willdan Light.& Elect. Inc.
126 Scott Avenue
Brooklyn, NY 11237